BASILISA MÁRTIR CUEBAS, ETC., Plaintiff and Appellee, *v.* PEDRO HERNÁNDEZ DEL VALLE, Defendant and Appellant.

No. 10458.   Argued December 3, 1951.—Decided February 12, 1952.

*Santiago Polanco Abréu* for appellant.   *B. Quiñones Elías* for appellee.

PER CURIAM: The complaint in the instant action of filiation was granted and the defendant appealed.   His only assignment is to the effect that, in his judgment, the trial court erred in the weighing of the evidence since its findings of fact are not only unsupported by, but contrary to, the evidence.   Said findings are as follows:

"1. That in 1939, 1940 and 1941 the defendant Pedro Hernández del Valle had a love affair with Basilisa Mártir Cuebas and that as a result of said sexual relations a child called and registered under the name of Pedro Jaime Mártir was born on January 16, 1941.

"2. That when the aforesaid minor was conceived, both the mother, Basilisa Mártir Cuebas, and the defendant Pedro Hernández del Valle, were single and had no legal impediment to marry each other.

"3. That the defendant engaged and paid Juana Ortiz, a midwife, to take care of the mother of the plaintiff minor when she gave birth to the minor in January 1941.

"4. That the defendant defrayed all the expenses of the aforesaid minor until the middle of 1942.

"5. That the plaintiff and the defendant never lived under the same roof nor in public concubinage, but had sexual relations during the time mentioned in the first finding.

"6. That the defendant Dr. Pedro Hernández del Valle frequently caressed the child in his office in the Public Health Unit (Medical Center of Las Marías), that he caressed him once in public in front of the city hall of Las Marías and that he admitted to Luz María Valentín, a witness, that the child was his son; that the defendant sent him money with Pedro Mártir every fifteen (15) days and that he provided him with money and satisfied his needs until approximately a year and a half after his birth.

"7. That the defendant was convicted of abandonment of minors in the Municipal Court of Mayagüez because he failed to furnish support to the child and that later, on appeal, the case was dismissed in the district court, there not appearing from the evidence in the record the legal reason for such an action.

"8. That after the aforesaid action of abandonment of minors was tried *de novo* in the District Court of Mayagüez, and dismissed, the defendant kept giving this minor for a number of years the amount of $10 monthly for his expenses and needs, which he did through Manuel Muñoz (Nolo Muñoz), a resident of the town of Las Marías.

"9. That the defendant once spoke with the plaintiff minor calling him Pedrito, and inviting the child to live with him, to which the child refused because he wanted to remain with his mother.

"10. That for a certain number of years the defendant has given the aforesaid minor the treatment, love and consideration due to a son, and that because of defendant's acts said minor has enjoyed the possession of the status of defendant's child.

"It seems fitting to point out here the marked resemblance between the defendant and the plaintiff minor, especially between the features, head, hair and eyes of both.

"See *Montañez* v. *Rodríguez,* 67 P.R.R. 198, p. 200.

"It is also significant that the defendant himself upon being cross-examined by plaintiff's attorney spontaneously admitted that once, while visiting Adrián Acevedo, a close friend of his of Las Marías, and where he had lunch and boarded when he went to that town, he saw the child three or four times thereabouts and further admitted that Adrián Acevedo's family used to tell the defendant doctor while he was paying a call in said house 'there goes the child.' "

Appellant argues that plaintiff's evidence on the possession of status in this case consisted in detached acts attributed to the appellant and denied by the latter, such evidence not being strong and convincing as required by the decisions of this Court, the most recent being *Vargas* v. *Jusino,* 71 P.R.R. 362.

The evidence believed by the lower court is sufficient to support the judgment. It portrayed not only a single act of public acknowledgment as in *Vargas* v. *Jusino, supra,* —and even there two justices, considering that the evidence was sufficient, dissented—but several acts of acknowledgment performed by the appellant, to wit: in the medical center where he worked, in the public square, his admission to another witness that the plaintiff was his son, his entreaty to the child to live with him, all of these acts coupled with the proved facts of plaintiff's paternity; the fact that he paid the midwife, gave money to the child, first periodically and wilfully to the plaintiff's mother and later by virtue of a court judgment—and even when said judgment was vacated on appeal the appellant continued giving money to the child for several years—all these facts, we repeat, are sufficient to conclude that the error assigned was not committed and that the judgment must be affirmed.

Mr. Justice Marrero dissented.